**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **FISH KISS, LLC and ANNE KLEIN,** | : | **Case No. 17-CV-08193 (JBS) (AMD)** |
| **Plaintiffs,** | : | |
| **v.** | : | |
| **NORTH STAR CREATIONS, LLC, ROOTED MADE, ROOTEDUSA, BERNADETTE GODWIN, ERIC BERNSTEIN, and: JOHN DOE 1-10,** | : | |
| **Defendants.** | : | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(1) AND 12(B)(2)**

Plaintiff Fish Kiss, LLC and Anne Klein ("Plaintiffs") respectfully submits this Memorandum of Law in Opposition ("Opposition") to Defendants' North Star Creations, LLC, Rooted Made, RootedUSA, Bernadette Godwin and Eric Bernstein's ("Defendants") Omnibus Motion to Dismiss ("Motion").

## PRELIMINARY STATEMENT

Plaintiffs have brought litigation against Defendants, claiming breach of contract, copyright infringement and false advertising/consumer fraud. Plaintiffs were pressed into bringing this litigation by Defendants' dismissal of Plaintiffs' two cease and desist letters and absolute refusal to cooperate with Plaintiffs' demands for restitution. Now, after obtaining two extensions to answer the Complaint, Defendants bring this Motion in a further attempt to delay the legitimate legal processes by which Plaintiffs can indeed obtain restitution for Defendants'

harmful and illegal activities. However, and as set forth below, none of these arguments has merit, and Plaintiffs' accordingly submit that Defendants' Motion should be denied.

**SUMMARY OF OPPOSITION MOTION**

With regard to Plaintiffs' breach of contract claims, Defendants argue that Plaintiffs' claims should be dismissed wholesale because Fish Kiss, LLC does not have standing to sue, as it allegedly was not a party to the License Agreement. Further, Defendants argue that Plaintiffs' claims should be dismissed because "the complaint fails to identify which alleged unapproved modification was made to Plaintiff's alleged copyrighted 'Fish Kiss Kentucky Artwork' design."[1]

As relates to Plaintiffs' copyright claims, Defendants insist that these three claims should be dismissed because: (a) the first sale doctrine prohibits a copyright infringement claim in this case; (b) Plaintiffs have not identified the registrations or deposit materials for its various U.S. Copyright Registrations; and (d) that Plaintiffs have not identified which unapproved modifications to the Kentucky Artwork design were made by Defendants.

As to Plaintiffs' counts for vicarious and contributory copyright infringement against the individual Defendants Bernadette Godwin and Eric Bernstein, Defendants argue, in a complete perversion of the law, that Defendants cannot possibly be sued for vicarious and contributory copyright infringement because, "in order to state a cause of action for contributory and vicarious infringement, a plaintiff must identify ***another party*** who was responsible for the direct infringement…" Defendants' argument and misunderstanding of the nature of this claim wholly misses the point that, indeed, North Star Creations, LLC (and its sub-brands), over which

[1] Plaintiff notes that Defendants do not submit any substantive arguments disputing Plaintiff's claims for breach of contract as to Defendants' failure to pay royalties due under the License Agreement, Defendants' failure to obtain approval for new Licensed Products, or Defendants' failure to include Fish Kiss branding on packaging and labels for the Licensed Product, and accordingly, Plaintiff's First Amended Complaint, adding Anne Klein as a Plaintiff to this case renders these claims valid.

Bernadette Godwin and Eric Bernstein had supervision and control, *is* that third party, or direct infringer.

Finally, Defendants argue that Plaintiffs' claims for False Advertising under the Lanham Act (mis-numbered Count 8) and New Jersey Consumer Fraud Act (mis-numbered Count 9) should be dismissed because Plaintiffs allegedly lack sufficient evidence demonstrating that the products at issue were manufactured outside the United States and because Plaintiffs allegedly lack standing to sue under this statute.

While all of Defendants' arguments reside on shaky ground, Plaintiffs have opted to neatly sidestep both protracted motion practice and wasting this Court's time by simply filing a First Amended Complaint[2]. Such Amended Complaint: (a) includes Anne Klein as an additional Plaintiff; (b) identifies the modification to the Fish Kiss Kentucky Artwork with particularity, via Exhibit L attached thereto; and (c) voluntarily withdraws Counts 8 and 9 without prejudice. Accordingly, these alleged deficiencies in the original complaint are moot, and Plaintiffs need not address Defendants' arguments related thereto. Plaintiffs do, however, address the remainder of Defendants' arguments below.

## ARGUMENT

I. Standard of Review.

The Third Circuit Court of Appeals has held that,

> "in reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6), 'we accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff.' *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir.2002). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack

[2] Fed. R. Civ. P. 15(a)(1), states, "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." (emphasis added). Pursuant to this Rule, Plaintiff is permitted to amend its Complaint as of right.

> facial plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). This requires a plaintiff to plead 'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for misconduct alleged.' *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.2009)." (quoting Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011).

The Court of Appeals explained, "Context matters in notice pleading," and thus "some complaints will require at least some factual allegations to make out a 'showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

As pertains to Rule 12(b)(6) motions for copyright infringement claims, the Third Circuit affirmed the lower court's holding in *Levey v. Brownstone Inv. Group, LLC*, that all a plaintiff must establish is "ownership of a valid copyright; and . . . unauthorized copying." *Levey v. Brownstone Inv. Group, LLC*, 2013 WL 3285057 at *6 (D.N.J. June 26, 2013), *aff'd*, 590 Fed.App'x 132 (3d Cir. 2014).

II. The First Sale Doctrine Does Not Permit Unilateral Extension of License Terms.

As Plaintiffs allege in both its Complaint and its First Amended Complaint, Defendants continued to distribute products bearing the Fish Kiss Artwork past the termination date of the License Agreement. In defense of such activity, Defendants now argue that this infringement of Plaintiff's (or Plaintiffs', as set forth in the First Amended Complaint) exclusive copyrights is excusable under the first sale doctrine.

While the first sale doctrine may be applicable in resale and re-distribution settings, it certainly is not applicable in a licensing context, since the applicability of such a defense in a license context is not supported by case law and further, if it were, it would violate public policy.

Defendants' argument misapplies the first sale doctrine to a licensing arrangement; in a licensing setting, a licensor temporarily transfers a bundle of exclusive rights to a licensee. Specifically, these rights include: the right to copy, reproduce, create derivatives, publicly display, and distribute the copyrighted work. Once a license terminates or expires, these valuable exclusive rights revert immediately to the licensor, and the licensee can no longer exercise any of those exclusive rights.

In the Second Circuit, the District Court has consistently held that, "where a license is limited in scope and the licensee acts outside the scope, the licensor can bring an action for copyright infringement." *Broad Vision, Inc. v. Med. Protective Co*., 2010 WL 5158129 at 3 (SDNY, 2010). See also, *Kanakos v. MX Trading Corp*., 216 U.S.P.Q. 1030, 1981 WL 1377 (SDNY 1981)("where a licensee utilizes a copyrighted work in a manner or to an extent not authorized by the license agreement, the licensee's position is no different from that of an infringer having no contractual relationship with the holder of the copyright. In both cases, the resulting cause of action is one for copyright infringement.") The Court of Appeals applied the same reasoning in *Gilliam v. ABC,* 538 F.2d 14, 21 (2d Cir. 1976), where it held that the "unauthorized editing of the underlying work, if proven, would constitute an infringement of the copyright in that work similar to any other use of a work that exceeded the license granted by the proprietor of the copyright."

This legal reasoning is shared by the courts in the Third Circuit. Although a license can be a defense to a claim for copyright infringement, "the licensor can still bring suit for copyright infringement if the licensee's use goes beyond the scope of the nonexclusive license." See *MacLean Associates, Inc. v. Wm. M. Mercer–Meidinger–Hansen, Inc.,* 952 F.2d 769, 779 (3d Cir.1991); *Carlin v. Bezos*, 649 Fed.Appx. 181 (3rd Cir. 2016); *Grant Heilman Photography*,

*Inc. v. John Wiley & Sons, Inc.*, 864 F.Supp.2d 316, 325 (E.D. Pa. 2012) ("When a licensee exceeds the scope of a license granted by the copyright holder, the licensee is liable for infringement.")

Defendants cite to one single case in support of their position; *Quality King Distribs. v. L'Anza Research Int'l*. However, citation to this case is inappropriate in the present matter; the *Quality King* case not only limited its analysis to the first sale doctrine's applicability to *imported* goods under 17 U.S.C. 106, but also involved multiple distributors all re-distributing the same goods, not the consequences of exceeding the scope of a license agreement, as we have here.

Moreover, from a practical standpoint, if Defendants' grasp at the first sale doctrine were to be found appropriate, such a holding would violate public policy. A licensee's invocation of the first sale doctrine would result in a licensee having the perpetual right to distribute unlimited amounts of product bearing a licensor's copyrighted work until such time as the inventory thereof runs out, with the only constraint being that the inventory was produced before expiration of the subject license agreement. Should the courts allow for application of the first sale doctrine in licensing situations, the licensor loses the ability to dictate or control licensing terms. Specifically, a licensor would lose all authority and dominion over the duration of the license, since a licensee would be allowed to distribute product as long as it sees fit. Indeed, one can easily imagine how a licensee, acknowledging the imminent expiration of its license, would back-load production and manufacture of licensed product to sell indefinitely. In this situation, a licensor would be extraordinarily hard-pressed to procure future licensing opportunities, both due to the ex-licensee's unfettered ability to distribute heaps of already-manufactured product, and a complete inability on the part of the licensor to enter into any new exclusive licenses. Indeed,

allowing for extension of a license via the first sale doctrine would virtually cripple the entire licensing world.

In this case, the clear intention of the License Agreement was to grant a one year license to the Defendants. The License Agreement states, "This license provides the [Licensee] with the *limited* right to reproduce, publicly display, and distribute the Images *only for the agreed upon terms* as set forth in the Client Invoice." The Client Invoice states, "the following images/artwork is covered in the discussion of the artist license agreement, signed on January 1, 2016." As regards termination (or expiration) of the License Agreement, the License Agreement states, "Client requests the right to license exclusivity for 1 calendar year for items specified on invoice." Accordingly, the term of license of the artwork for use on the identified products was for one year from January 1, 2016. Upon Defendants' continued exercise of Plaintiff's exclusive rights with regard to the copyrights, such utilization became copyright infringement. While this License Agreement was poorly drafted, there is no question that Anne Klein, on behalf of Fish Kiss, LLC, was granting the Defendants (as defined in ¶ 20 of the Complaint) a one year license to reproduce, publicly display, and distribute the Licensed Products. Once the License Agreement expired, all rights to the Fish Kiss Artwork (as bestowed on Plaintiff by 17 U.S.C. § 101 et. seq.) reverted to Plaintiff.

For the foregoing reasons, Defendants' attempt to use the first sale doctrine as an unrestricted extension of the license at issue should be denied.

II. <u>Plaintiff Is Not Required To Identify Its Copyright Registration Deposit Materials In Its Complaint</u>

In support of their argument that copyright registrations and their deposit material are required to be identified in a copyright infringement complaint, Defendants rely on two cases;

*Bradshaw v. American Institute for History Educ*., No. 12-1367, 2013 U.S. Dist. LEXIS 34566, and *Gee v. CBS, Inc*., 471 F.Supp. 600 (E.D.Pa. 1979). The *Bradshaw* case is designated as non-precedential, but also the *Gee* case has, for all intents and purposes, been overruled. Indeed, in *Richard Feiner & Company, Inc. v. Larry Harmon Pictures Corp.*, 38 F.Supp.2d 276 (S.D.N.Y. 1999), the Court repudiates the holding in *Gee*, stating, "Harmon relies on *Gee v. CBS, Inc.*, 471 F.Supp. 600 (E.D.Pa.1979) for the proposition that the complaint must be dismissed for failure to attach the copyright certificates or to provide the registration numbers. However, *Gee* itself relies heavily on a section from *Moore's Federal Practice, Second Edition*, that has been deleted in the more recent edition." 38 F.Supp.2d at 280, n. 2.

Similarly, in a more recent case, the United States District Court for the Eastern District of Pennsylvania expressly rejected the holding in *Gee*, stating,

> "Defendant argues that in the context of a copyright claim, Federal Rule of Civil Procedure 8(a), mandate that a complaint include a 'short and plain statement of the claim showing that the pleader is entitled to relief,' is augmented by requirements set forth in *Gee v. CBS Inc.*, 471 F.Supp. 600 (E.D. Pa.), *aff'd without op.*, 612 F.2d 572 (3d Cir. 1979). According to *Gee*, in order to properly plead a claim for copyright infringement, the Plaintiff must also include allegations describing 'which specific original work is the subject of the copyright claim, that plaintiff owns the copyright, that the work in question has been registered in compliance with the statute and by what acts and during what time defendant has infringed the copyright.' *Id.at 643.* Although the Third Circuit affirmed *Gee* without opinion, it did so summarily without providing any explanation for the panel's reasoning. Thus, the affirmance has no precedential value."

The Court went on to hold, "the Third Circuit opinion affirming *Levey* applied the 'broader' standard to copyright claims, stating all a plaintiff must establish is 'ownership of a valid copyright; and . . . unauthorized copying.' *Levey v. Brownstone Inv. Group, LLC,* 590 Fed.App'x 132, 135 (3d Cir. 2014) ("Copying is a shorthand reference to the act of infringing any of the copyright owner's five exclusive rights set forth at 17 U.S.C. § 106.")." *Kashi v.*

*McGraw-Hill Global Educ. Holdings and McGraw-Hill School Educ. Holdings, LLC,* Civil Action No. 17-1818 (E.D.Pa 2017).

In the present case, Plaintiff has pled its copyright infringement claims with particularity. In the original complaint, Plaintiff plead:

*"50. Fish Kiss is the owner of forty-eight valid and enforceable U.S. copyright registrations for the Fish Kiss Artwork designs.*

*51. Under the terms of the License Agreement, the NSC Defendants' rights to manufacture, import, promote, publicly display and sell the Licensed Products bearing the Fish Kiss Artwork terminated on January 1, 2017.*

*52. Upon information and belief, the NSC Defendants continued to import, distribute, promote, publicly display, and sell the Licensed Products after January 1, 2017."*

In their First Amended Complaint, Plaintiffs have pled their copyright infringement claim with even more specificity:

*"54. Fish Kiss is the owner of forty-eight valid and enforceable U.S. copyright registrations for the Fish Kiss Artwork designs.*

*55. Under the terms of the License Agreement, the NSC Defendants' rights to manufacture, import, promote, publicly display and sell the Licensed Products bearing the Fish Kiss Artwork terminated on January 1, 2017.*

*56. The NSC Defendants continued to import, distribute, promote, publicly display, and sell the Licensed Products after January 1, 2017.*

***57. Upon information and belief, after the termination of the License Agreement, the NSC Defendants sold product bearing the copyrighted Fish Kiss***

***Artwork, specifically, product bearing Fish Kiss' Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nebraska, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Vermont, Virginia, West Virginia, Wisconsin and Wyoming designs**."*

At present, without having yet conducted any discovery, Plaintiff is unable to determine the extent of Defendants' breach of the License Agreement and the scope and breadth of Defendants' copyright infringement. However, Plaintiffs have pled its claims for copyright infringement with specificity; Plaintiffs have asserted that it is the owner of the Fish Kiss Artwork, has identified (and more specifically identified) the works which were infringed by Defendants, and has set forth the manner by which Defendants infringed its copyrights (through continued distribution past the expiration date of the License Agreement). Nothing more is required by Plaintiffs at the complaint stage, and certainly any further specific information regarding the same may be requested by Defendants in discovery.

Accordingly, Plaintiff respectfully requests that this Court deny Defendants' Motion as to this Count.

III. Defendants Bernadette Godwin and Eric Bernstein Are Liable for Vicarious and Contributory Infringement

Under well-settled case law, including in the Third Circuit, an officer or director of a corporate entity who participates in, encourages, causes or materially contributes to the infringing activities of the corporate entity can be held liable for vicarious and contributory

copyright infringement. See, e.g., *Leonard v. Stemtech Int'l, Inc.,* 834 F.3d 376 (3d Cir. 2016)("vicarious infringement occurs when one 'profit[s] from direct infringement while declining to exercise a right to stop or limit it.' *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster,* Ltd., 545 U.S. 913, 930 (2005). To establish vicarious infringement, a plaintiff must prove that the defendant had (1) the right and ability to supervise or control the infringing activity; and (2) a direct financial interest in such activities. *Grokster,* 545 U.S. at 930 n.9.")

Further, this Court has held that the proper standard for vicarious liability is to establish, "(1) that defendant has the right and ability to control the infringing activity and (2) that the defendant has a direct financial interest in such activities - established in *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963) and Gershwin Publ'g. *Corp. v. Columbia Artists Mgmt, Inc.*, 443 F.2d 1159, 1161 (2d Cir. 1971)…and that the proper standard for contributory liability is a demonstration that the defendants "(a) have knowledge of infringing activity and (b) 'induce, cause, or materially contribute to the infringing conduct of another.' *Gershwin Publ. Corp.*, 443 F.2d at 1162; see also *Columbia Pictures Indus., Inc. v. Redd Horne, Inc.*, 749 F.2d 154, 160 (3d Cir. 1984)." *Arista Records, Inc. v. Flea World, Inc.,* 101006 NJDC, 03-2670 (JBS), *aff'd in part, rev'd in part,* 356 F.Supp.2d 411 (D.N.J. 2005).

Defendants have provided a very brief, disjointed and misinterpreted understanding of the law in their Motion, seemingly understanding that a wholly distinct and unrelated third party is required (outside of the present Defendants in this case) in order to validly accuse Defendants Bernadette Godwin ("Godwin") and Eric Bernstein ("Bernstein") of vicarious and contributory copyright infringement. This is not a proper understanding and appreciation of the legal theories of vicarious and contributory copyright infringement. In short, Defendants apparently do not understand that Godwin and Bernstein can be held liable for vicarious copyright infringement

undertaken by North Star Creations, LLC, so long as Plaintiff properly alleges – at this stage – and demonstrates – at the trial stage – that Godwin and Bernstein "had a right to control the infringing activity" of North Star Creations, LLC and "had a direct financial interest in such activities." Additionally, for contributory copyright infringement, Plaintiff must show that Godwin and Bernstein "ha[d] knowledge of infringing activity" and "induce[d], cause[d], or materially contribute[d] to the infringing conduct of [North Star Creations, LLC]." Plaintiff has done just this. In their First Amended Complaint (which is virtually identical to the vicarious and contributory infringement allegations in Plaintiff's original Complaint), Plaintiff alleges:

> *"50. The NSC Defendants, Godwin and Bernstein modified, manufactured, promoted, distributed and sold derivative works from the Fish Kiss Kentucky Artwork, as set forth in Exhibit G in violation of U.S. Copyright Laws.*
>
> *51. Upon information and belief, Godwin and Bernstein directed the modification, creation, manufacture, promotion, distribution and sales of the derivative works from the Fish Kiss Kentucky Artwork.*
>
> *…*
>
> ***<u>COUNT SIX – VICARIOUS and/or CONTRIBUTORY COPYRIGHT INFRINGEMENT</u>***
>
> *…*
>
> *120. Defendants Godwin and Bernstein are officers, directors and/or owners of the NSC Defendants.*
>
> *121. Defendants Godwin and Bernstein knowingly induced, participated in, aided and abetted and profited from the illegal reproduction and/or subsequent sales of the Infringing Kentucky Design and the Infringing Licensed Products.*

*122. Defendants Godwin and Bernstein are vicariously liable for the infringement alleged herein regarding the Infringing Kentucky Design and the Infringing Licensed Products because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.*

*123. By way of Defendant Godwin and Bernstein's acts of contributory and vicarious infringement as alleged above, Plaintiffs have suffered, and will continue to suffer, substantial damages to its business in an amount to be established at trial."*

Accordingly, Plaintiff's claim for vicarious and contributory copyright infringement has been properly pled, and Plaintiff requests that Defendants' Motion on this Count be denied.

IV. Conclusion.

In short, Plaintiff's Complaint, and recently filed First Amended Complaint, both fully comply with the pleading requirements of Federal Rule of Civil Procedure 8(a) and provides Defendants with more than adequate notice of the charges against them and the grounds therefor. Further, any true deficiencies contained within Plaintiffs Complaint have been fully remedied in the First Amended Complaint. Discovery will certainly add details and shed further light on the extent to which Defendants violated the laws. Accordingly, and for all of the reasons set forth herein, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss the Complaint.

CLEMENTE MUELLER, P.A.

Dated: December 20, 2017

By: *  /s/ Jessie Christine Basner  *

Jessie Christine Basner, Esq. (#021952004)
P.O. Box 1296
222 Ridgedale Avenue, Floor 2

Morristown, NJ 07827
Telephone: (973) 455-8008
Facsimile: (973) 455-8118
Email: jbasner@cm-legal.com
*Attorneys for Plaintiffs*