**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **FISH KISS, LLC and ANNE KLEIN,** <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **NORTH STAR CREATIONS, LLC, ROOTED MADE, ROOTEDUSA, BERNADETTE GODWIN, ERIC BERNSTEIN, and: JOHN DOE 1-10,** <br><br> **Defendants.** | : | **Case No. 17-CV-08193 (JBS) (AMD)** <br><br> **ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS** |

Counterclaim Defendants Fish Kiss, LLC and Anne Klein (hereinafter "Counterclaim Defendants"), by and through their undersigned attorneys, Clemente Mueller, P.A., hereby answers the Counterclaims of Counterclaim Plaintiff North Star Creations, LLC (hereinafter "Counterclaim Plaintiff") as follows: Except as herein expressly admitted, qualified or otherwise answered Counterclaim Defendants deny each and every allegation and assertion made in the Counterclaim.

The Paragraphs that follow align to the numbered paragraphs of Counterclaim Plaintiff:

## COUNTERCLAIMS

### *Parties*

1. In response to Paragraph 1 of the Counterclaims, Counterclaim-Defendants is without sufficient information to respond, and on that basis deny the allegations.
2. In response to Paragraph 2, Counterclaim Defendants admit the allegation, although denies that Counterclaim-Plaintiff is entitled to any of the relief sought.

3. In response to Paragraph 3, Counterclaim-Defendants admit the allegation, although denies that Counterclaim-Plaintiff is entitled to any of the relief sought.

*Jurisdiction and Venue*

4. In response to Paragraph 4, Counterclaim-Defendants admit the allegation, although deny that Counterclaim-Plaintiff is entitled to any of the relief sought.

**COUNTERCLAIM – COUNT - I**

(TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP)

5. In response to Paragraph 5, there are no factual allegations to admit or deny.

6. In response to Paragraph 6, Counterclaim Defendants admit the allegations, although deny that Counterclaim Plaintiff is entitled to any of the relief sought.

7. In response to Paragraph 7, Counterclaim Defendants are without sufficient knowledge or information to respond, and on that basis deny the allegation.

8. In response to Paragraph 8, Counterclaim Defendants deny the allegation.

9. In response to Paragraph 9 Counterclaim Defendants deny the allegation.

10. In response to Paragraph 10, Counterclaim Defendants deny the allegation.

11. In response to Paragraph 11, Counterclaim Defendants deny the allegation.

12. In response to Paragraph12, Counterclaim Defendants deny the allegation.

**COUNTERCLAIM – COUNT II**

(DEFAMATION)

13. In response to Paragraph 13, there are no factual allegations to admit or deny.

14. In response to Paragraph 14, Counterclaim Defendants are without sufficient knowledge or information to respond, and on that basis deny the allegation.

15. In response to Paragraph 15, Counterclaim Defendants deny the allegation.

16. In response to Paragraph 16, Counterclaim Defendants deny the allegation.

17. In response to Paragraph 17, Counterclaim Defendants are without sufficient knowledge or information to respond, and on that basis deny the allegation.

18. In response to Paragraph 18, Counterclaim Defendants deny the allegation.

19. In response to Paragraph 19, Counterclaim Defendants deny the allegation.

20. In response to Paragraph 20, Counterclaim Defendants deny the allegation.

21. In response to Paragraph 21, Counterclaim Defendants deny the allegation.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears any burden of proof as to any of them or their respective elements, Counterclaim Defendants assert the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

22. Counterclaim Plaintiff's Counterclaims, and each purported counterclaim for relief contained therein, fails to state any claim upon which relief may be granted. Counterclaim Defendants allege that they are not liable for any counterclaim alleged herein, that Counterclaim Plaintiff has sustained no loss or damages as a result of Counterclaim Defendants' alleged conduct, and that Counterclaim Defendants are not liable for any claim alleged by Counterclaim Plaintiff.

**SECOND AFFIRMATIVE DEFENSE**
**(Acted in Good Faith)**

23. Counterclaim Defendants allege that at all times relevant herein, they acted in good faith and have no reason to believe in the existence of facts as alleged and complained of in the Counterclaims.

**THIRD AFFIRMATIVE DEFENSE**
**(Waiver, Estoppel, and Acquiescence)**

24. Counterclaim Plaintiff's counterclaims are all barred by the doctrines of waiver, estoppel, and acquiescence.

**FOURTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

25. Counterclaim Plaintiff's claims are all barred by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

26. The remedies sought by the counterclaims for relief are limited or precluded by Counterclaim Plaintiff's failure to mitigate its losses.

**SIXTH AFFIRMATIVE DEFENSE**
**(Contributory/Comparative Negligence and Assumption of Risk)**

27. Counterclaim Plaintiff's injuries were caused by its own contributory/comparative negligence and/or assumption of the risk by modifying Counterclaim Defendants' designs and packaging without authorization and committing copyright infringement.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Acts of Third Parties)**

28. Counterclaim Plaintiff is not entitled to any recovery against Counterclaim Defendants because any harm incurred by Counterclaim Plaintiff was the result of conduct by third parties for whom Counterclaim Defendants were not responsible.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Acts and Omissions)**

29. Counterclaim Plaintiff is not entitled to any recovery against Counterclaim Defendants because Counterclaim Plaintiff assumed all risks and/or caused or contributed to the alleged injuries or damages by its own negligent, intentional, willful, or bad faith acts and omissions.

**NINTH AFFIRMATIVE DEFENSE**
**(Consent)**

30. Counterclaim Plaintiff's counterclaims are all barred because Counterclaim Plaintiff expressly or impliedly consented to Counterclaim Defendants actions.

**TENTH AFFIRMATIVE DEFENSE**
**(Ratification)**

31. Counterclaim Plaintiff's counterclaims are all barred by the doctrines of acquiescence and/or ratification as a result of the acts or omissions of Counterclaim Plaintiff or others that are attributable to Counterclaim Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(No Wrongful Act)**

32. Counterclaim Plaintiff's counterclaims are all barred because Counterclaim Defendants have not engaged in any unlawful, unfair, or inequitable business practices; rather its conduct was at all times proper, justified, privileged, and performed in the exercise of absolute rights granted to it by the laws and institutions of the United States Government.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Attorneys' Fees Improper)**

33. Counterclaim Defendants allege that Counterclaim Plaintiff fails to state facts sufficient to permit recovery of attorneys' fees.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(No Irreparable Harm)**

34. Counterclaim Plaintiff has not suffered any irreparable harm and injunctive relief is unwarranted.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Lack of Injury or Damages)**

35. Counterclaim Defendants alleges that Counterclaim Plaintiff has sustained no loss or damages as a result of Counterclaim Defendants alleged conduct.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Unjust Enrichment)**

36. Counterclaim Plaintiff is barred from recovery in whole or in part because it would be unjustly enriched if it is permitted to recover on its Counterclaims.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Additional Defenses)**

37. Counterclaim Defendants expressly reserve all rights to amend this Answer to assert additional affirmative defenses as may become appropriate as discovery and factual and legal research are conducted.

WHEREFORE, Counterclaim Defendants pray that Counterclaim Plaintiff's Counterclaims be dismissed, that judgment be entered in favor of Counterclaim Defendants, that Counterclaim Plaintiff takes nothing, and that Counterclaim Defendants be awarded their costs and attorneys' fees, as well as any further relief requested in the First Amended Complaint and/or that the Court may deem just and proper.

Dated: January 15, 2018

CLEMENTE MUELLER, P.A.

By: Jessie Christine Basner

Jessie Christine Basner, Esq.
(#021952004)
P.O. Box 1296
222 Ridgedale Avenue, Floor 2
Morristown, NJ 07827
Telephone: (973) 455-8008
Facsimile: (973) 455-8118
Email: jbasner@cm-legal.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, the foregoing document was filed electronically with the Clerk of Court and is available for viewing and downloading from the ECF system. Electronic service of the Notice of Electronic Case Filing was made on all parties of record, specifically:

Robert A. McKinley
LAULETTA BIRNBAUM
591 Mantua Blvd., Suite 200
Sewell, New Jersey
*Attorney for Defendants*

*/s/ Jessie Christine Basner*
Jessie Christine Basner, Esq.

Dated: January 15, 2018