**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **FISH KISS, LLC and ANNE KLEIN**,<br><br>Plaintiffs,<br><br>v.<br><br>**NORTH STAR CREATIONS, LLC, ROOTED MADE, ROOTEDUSA, BERNADETTE GODWIN, ERIC BERNSTEIN, and JOHN DOE 1-10**.<br><br>Defendants. | **Case No. 17-CV-08193 (JBS) (AMD)**<br><br>**Motion Day: Monday, May 21, 2018** |

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

CLEMENTE MUELLER, P.A.
Jessie Christine Basner, Esq. (#021952004)
P.O. Box 1296
222 Ridgedale Avenue, Floor 2
Morristown, NJ 07827
*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

INTRODUCTION ....................................................................................4

RELEVANT PROCEDURAL BACKGROUND ...............................................4

ARGUMENT ..........................................................................................6

I. LEAVE TO AMEND SHOULD BE GRANTED DUE TO THE GENERAL PRESUMPTION IN FAVOR OF AMENDMENT AND DUE TO THE FACT THAT DEFENDANTS WILL NOT BE PREJUDICED. .6

A. Courts Freely Grant Leave to Amend. ..............................................6

B. Courts Deny Amendment Only in Limited Circumstances That Do Not Apply In This Case. ........................................................................7

C. Defendants Falsely Advertised the Goods as Being Made in the U.S.A. .9

CONCLUSION .....................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) ..................................................6
*Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) ...........................................6
*Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F2d 874, 886 (3d Cir. 1992) ......7
*Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984) .......................7
*Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir.1978) .......................................................................................8
*Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-487 (3d. Cir. 1990) .....................6, 7
*Foman v. Davis*, 371 U.S. 178, 182 (1962)..........................................................6, 7
*Heyl & Paterson International, Inc. v. F.D. Rich Housing, Inc.*, 663 F.2d 419, 426 (3d Cir.1981) ..........................................................................................8
*Long v. Wilston*, 393 F.3d 390, 400 (3d Cir. 2004) .................................................7

**Statutes**

15 U.S.C. §70.........................................................................................8
15 U.S.C. § 70b(b)(1)-(2) ........................................................................9
15 U.S.C. § 70b(b)(4)-(5) ........................................................................9
15 U.S.C. §70a .......................................................................................9
15 U.S.C. §70e .......................................................................................9
Lanham Act §43(a) ..................................................................................7

New Jersey Unfair Trade Practices Act §56:8-2 ....................................................7

**<u>Other Authorities</u>**

https://www.nist.gov/standardsgov/compliance-faqs-made-usa ...............................9

**<u>Rules</u>**

Fed. R. Civ. Proc. 15(a)(2) ..........................................................................................6
Fed. R. Civ. Proc. 15(a)..................................................................................................6

**<u>Treatises</u>**

*Wright, Miller & Kane*, 6A Fed.Prac. & Proc.Civ. 2d § 1495 (3d ed.) ....................7

**<u>Regulations</u>**

16 C.F.R. § 300.3(a)(1) ..................................................................................................9
16 C.F.R. § 300.3(a)(4) ..................................................................................................9
16 C.F.R. § 303.33 .........................................................................................................9
16 C.F.R. § 303.45(a)(1) ................................................................................................8
16 C.F.R. § 303.16(a)(1) ................................................................................................9
16 C.F.R. § 300.25 .........................................................................................................9

## INTRODUCTION

Plaintiffs seek leave to file a Second Amended Complaint to specify the liable defendants in Counts 1-6 and removing John Doe 1-10, and to add causes of action for a violation under the Lanham Act §43(a) for false advertising and violations under the New Jersey Unfair Trade Practices Act §56:8-2 for false advertising against Defendants North Star Creations, LLC, Rooted Made, and RootedUSA ("NSC Defendants"). Plaintiffs request that the Court grant this Motion for Leave to file the proposed and accompanying Second Amended Complaint (Annexed to the Certification of Counsel filed herewith as Exhibit 1). The proposed and accompanying Second Amended Complaint raises new claims against the NSC Defendants and as discovery continues and depositions have not taken place yet, granting the Motion for Leave to Amend will not result in any delay and/or prejudice to the NSC Defendants. Rather, the proposed Second Amended Complaint is intended to permit new causes of action based upon the newly discovered evidence.

## RELEVANT PROCEDURAL BACKGROUND

On October 12, 2017, Plaintiff filed a Complaint alleging that the NSC Defendants breached the licensing agreement, violated the Copyright Act, and violated both the Lanham Act and the New Jersey Consumer Fraud Act. (Docket Entry No. 1). Defendants then filed a Motion to Dismiss the

Complaint that became moot upon Plaintiffs filing a First Amended Complaint on December 20, 2017 withdrawing Counts 8 and 9 without prejudice. (Docket Entry Nos. 13 and 16, respectively). Defendants then filed an Answer to the First Amended Complaint on January 3, 2018. (Docket Entry No. 14). The Court issued a Scheduling Order on February 6, 2018, which included a deadline of April 2, 2018 for filing a motion to amend the pleadings. (Docket Entry No. 28). Discovery in this matter has commenced with interrogatories and document demands being served by both parties and answered, and Plaintiffs have served subpoenas upon non-parties for which some remain outstanding. During the course of discovery to date, new evidence has revealed that the licensed product and the infringing product at issue were manufactured from raw textile fabric purchased from a supplier who does not manufacture, distribute or sell any canvas fabrics that are manufactured in the United States of America. This fact is in direct contradiction to the Defendants' representations, comprised of a sewn-in label advertising the products at issue to have been "Made in America" or "Made in USA," which is a violation of The Textile Fiber Products Identification Act ("Textile Act"). Based upon this new evidence, Plaintiff sought an extension of time to file a motion to amend the pleadings, to which Defendants consented with respect to clarifying the liable defendants in certain Counts.

(Docket Entry Nos. 34 and 36, respectively). The Court granted Plaintiffs' request for a two-week extension. (Docket Entry No. 37). Based upon the discovery of this new evidence Plaintiffs now move for leave to file a Second Amended Complaint and assert new causes of action for a violation under the Lanham Act §43(a) for false advertising and violations under the New Jersey Unfair Trade Practices Act §56:8-2 for false advertising, and to clarify the liable defendants in existing Counts 1-6. Pursuant to NJ Local Civil Rule 15.1, Plaintiffs' amended pleading, attached as Exhibit 1 to Counsel Certification, indicates in what respect it differs from the First Amended Complaint, by striking through materials to be deleted and underlining materials to be added.

## ARGUMENT

### I. LEAVE TO AMEND SHOULD BE GRANTED DUE TO THE GENERAL PRESUMPTION IN FAVOR OF AMENDMENT AND DUE TO THE FACT THAT DEFENDANTS WILL NOT BE PREJUDICED.

#### A. Courts Freely Grant Leave to Amend.

According to Federal Rule of Civil Procedure ("FRCP") 15(a), leave to amend the pleadings is generally granted liberally. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). FRCP 15(a)(2) provides that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) ("We have noted that the courts have shown a strong liberality in allowing

amendments under Rule 15(a)."); *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-487 (3d. Cir. 1990) ("[W]e have consistently held that leave to amend should be granted freely.") The Third Circuit has gone so far as to recognize the existence of a "general presumption in favor of allowing a party to amend pleadings." *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984). Where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilston*, 393 F.3d 390, 400 (3d Cir. 2004). This liberal approach "ensures that a particular claim will be decided on the merits rather than on technicalities." *Dole*, 921 F.2d at 487.

**B. Courts Deny Amendment Only in Limited Circumstances That Do Not Apply In This Case.**

The proposed Second Amended Complaint seeks to amend the current Complaint by proposing to assert new causes of action for a violation under the Lanham Act §43(a) for false advertising and violations under the New Jersey Unfair Trade Practices Act §56:8-2 for false advertising related to Defendants' unconscionable and intentional misrepresentation of material fact that others relied upon, in connection with the sale or advertisement of Plaintiffs' merchandise, as well as to clarify Counts 1-6 to ascertain liable defendants. A district court may deny leave to amend only where "plaintiffs' delay in seeking the amendment is undue, made in bad faith, prejudicial to the opposing party, or fails to cure the jurisdictional defect." *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F2d 874,

886 (3d Cir. 1992); *see also Foman*, 371 U.S. at 182 (holding that it is an abuse of discretion to deny leave to amend absent a clear or declared reason of delay, bad faith, prejudice, or a repeated failure to cure a problem with the complaint); *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir.1978) ("prejudice to the nonmoving party is the touchstone for the denial of an amendment."); *Wright, Miller & Kane*, 6A Fed.Prac. & Proc.Civ. 2d § 1495 (3d ed.) (denial of leave to amend is appropriate only where "the objecting party [is] put to some serious disadvantage."). The non-moving party bears the burden not just of claiming prejudice – but of actually showing "substantial or undue prejudice." *Heyl & Paterson International, Inc. v. F.D. Rich Housing, Inc.*, 663 F.2d 419, 426 (3d Cir.1981).

In this action, the Scheduling Order provides that discovery does not end until July 16, 2018. Further, Plaintiffs have acted with expediency to file this Motion immediately upon learning of new information and facts gleaned from discovery, warranting the request made herein. There has been no undue delay or bad faith by Plaintiffs. Given that the Defendants will not experience any prejudice as discovery continues and depositions have not yet commenced, a meaningful basis exists to grant this motion, and thereby permit Plaintiffs to move forward with the new Counts.

### C. Defendants Falsely Advertised the Goods as Being Made in the U.S.A.

Pursuant to The Textile Act, 15 U.S.C. §70, et. seq., federal labeling requirements for textile products demand that relevant products have a label listing the fiber content, country of origin and identity of the manufacturer or another business responsible for marketing or handling the item at the time they are ready for sale to consumers. *Id.* The Textile Act covers textile products that includes but is not limited to clothing, pillows, and towels. 16 C.F.R. § 303.45(a)(1). In addition to the fiber content, the product must be labeled to show the country of origin so that if the products are imported such product must identify the country where the products were processed or manufactured. 15 U.S.C. § 70b(b)(1)-(2); 16 C.F.R. § 303.16(a)(1) and § 300.3(a)(1). Products made in the U.S. of imported materials must be labeled to show the processing or manufacturing that takes place in the U.S., as well as the imported component. 15 U.S.C. § 70b(b)(4)-(5); 16 C.F.R. § 303.33, and §§ 300.3(a)(4) and 300.25. A label may say, "Made in U.S.A." only if the product is made completely in the U.S. of materials that were made in the U.S. *Id.* If a product is made with imported materials it must indicate that the product contains imported materials and can state "Made in U.S.A. of imported fabric". *Id. T*he National Institute of Standards and Technology have provided guidelines to manufacturers in connection with the Textile Act and the labeling of a product with "Made in U.S.A." setting forth that

> "a manufacturer or marketer must have [] competent and reliable evidence to support the claim that 'all or virtually all' of the product is made in the USA.... manufacturers should ask suppliers for specific information about U.S. content. Again, manufacturers should look back far enough in the process to be reasonably sure that there is no significant foreign content."

https://www.nist.gov/standardsgov/compliance-faqs-made-usa. A violation of the Textile Act, or the Commission's Rules under this Act, is considered an unfair method of competition. 15 U.S.C. §70a and 70e.

Under the License Agreement, the NSC Defendants were granted a one year license to manufacture Christmas stockings, Christmas tree skirts, adult kitchen aprons, cotton tea/dish towels and decorative pillows ("Licensed Products") bearing the Fish Kiss Artwork from January 1, 2016 to January 1, 2017, all of which are covered by the Textile Act. The final production of the Licensed Products was to consistently bear Fish Kiss branding, labeling and packaging. *See Exhibit A to Proposed Second Amended Complaint, at paragraph entitled "Product Packaging and Branding."* The Licensed Product manufactured, distributed and sold by the NSC Defendants consistently bore a sewn-in label which stated that the Licensed Product was "MADE IN USA." *See Exhibit M to Proposed Second Amended Complaint.* The NSC Defendants consistently advertised and promoted the Licensed Product as "Made in America" and "Made in USA." The NSC Defendants have produced invoices designated as Attorney Eyes Only confirming the purchase of raw textile fabric from [redacted]

("[redacted]"), a textile distributor and supplier located in [redacted], from which to manufacture the finished Licensed Product. The raw textile materials purchased by the NSC Defendants from [redacted] were a "Non-Optic White" 100% certified organic cotton canvas fabric and an "Optic White" 100% cotton canvas fabric. [redacted] does not manufacture, distribute or sell any canvas fabrics that are manufactured in the United States of America "due to the lack of woven mills that exist in the USA today". *See Exhibit M to Proposed Second Amended Complaint at email from* [redacted].

The NSC Defendants had a duty to inquire with [redacted] for specific information about U.S. content prior to advertising upon Plaintiffs' Licensed Product that it was Made in U.S.A. The NSC Defendants willfully and materially misrepresented and falsely advertised that the materials comprising the Licensed Product were made in the United States, thereby asserting a false designation and deceiving a substantial portion of consumers of the Licensed Product, with Fish Kiss trademarks and brand name, into believing that the products were manufactured in the United States. Such false designation is false advertising in violation of the Lanham Act and a misleading statement made with the intent to deceive and promote the purchase and sale of products in violation of the New Jersey Unfair Trade Practices Act.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court grant its motion for leave to amend the Complaint to include the new Counts and the clarified Counts 1-6 against Defendants thereby permitting the filing of the proposed Second Amended Complaint.

CLEMENTE MUELLER, P.A.

Dated: April 16, 2018

By: */s/ Jessie Christine Basner*
Jessie Christine Basner, Esq. (#021952004)
P.O. Box 1296
222 Ridgedale Avenue, Floor 2
Morristown, NJ 07827
Telephone: (973) 455-8008
Facsimile: (973) 455-8118
Email: jbasner@cm-legal.com
*Attorneys for Plaintiffs*

**Certificate of Service**

I hereby certify that on April 16, 2018, I served Plaintiff's Motion for Leave to Amend Complaint upon all registered ECF parties to the action by causing it to be filed on the Court's ECF system.

Additionally, a copy of this Motion was sent by email to:

Robert A. McKinley
LAULETTA BIRNBAUM
591 Mantua Blvd., Suite 200
Sewell, New Jersey
*Attorney for Defendants*

*/s/ Jessie Christine Basner*
Jessie Christine Basner, Esq.