UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FISH KISS LLC, et al, | ) | 17-CV-8193 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORTH STAR CREATIONS, LLC, | ) | |
| et al, | ) | Camden, NJ |
| | ) | May 16, 2018 |
| Defendants. | ) | 11:01 a.m. |

TRANSCRIPT OF TELEPHONE STATUS CONFERENCE
BEFORE THE HONORABLE ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiffs:

JESSIE CHRISTINE BASNER, ESQUIRE
CLEMENTE MUELLER P.A.
Post Office Box 1296
Morristown, NJ 07962

EMILY A. DANCHUK, ESQUIRE
EMILY A. DANCHUK ESQUIRE LLC
2 Victoria Lane
Falmouth, ME 04105

For the Defendants:

ROBERT ANTHONY MC KINLEY, ESQUIRE
LAULETTA BIRNBAUM LLC
591 Mantua Boulevard
Suite 200
Sewell, NJ 08080

Audio Operator: SUSAN BUSH

DIANA DOMAN TRANSCRIBING, LLC
P.O. Box 129
Gibbsboro, New Jersey 08026-0129
Office: (856) 435-7172
Fax: (856) 435-7124
E-mail: dianadoman@comcast.net

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

I N D E X

| | |
|---|---|
| STATUS REPORT: | PAGE |
| By Ms. Basner | 4 |
| By Mr. McKinley | 4 |
| ARGUMENT: | PAGE |
| Re: Motion to Seal | |
| By Mr. McKinley | 6 |
| By Ms. Basner | 8 |
| DECISION OF THE COURT: | PAGE |
| Re: Motion to Seal | |
| By Judge Donio | 9 |

(The following telephone conference was heard in open court at 11:01 a.m.)

THE COURT: Good morning. This is Judge Donio. We're on the record in Case Number 17-8193. This conference is being electronically recorded.

May I have the appearances for the record, please, beginning with plaintiff's counsel.

MS. BASNER: Jessie Christine Basner from the law firm of Clemente Mueller on behalf of the plaintiffs.

MS. DANCHUK: This is Emily Danchuk from Emily Danchuk Esquire LLC on behalf of Fish Kiss, et al.

MR. MC KINLEY: Robert McKinley on behalf of defendants from the law firm of Laulette Birnbaum.

THE COURT: All right. Thank you. Since our last hearing the Court granted the application by the plaintiff to amend the complaint. I see that it's been filed on the docket.

And, Mr. McKinley, you'll be serving your response in due course in accordance with the Court rules?

MR. MC KINLEY: Yes, Your Honor.

THE COURT: And there's additional parties now added, correct?

MS. BASNER: No, Your Honor, there aren't.

THE COURT: There aren't?

MS. BASNER: It's an additional claim.

THE COURT: Oh, no new parties?

MS. BASNER: Correct.

THE COURT: Okay. So that being said, where are we on the case? May I have a status report.

MS. BASNER: With regard to discovery, we'll be serving supplemental discovery regarding the new claim. We continue to gather documents.

THE COURT: Anything from the defense to report?

MR. MC KINLEY: Just that, Your Honor, we haven't received -- if they received any documents from the third party subpoena that they served they have not produced any of those to us.

THE COURT: Can I ask counsel will you be submitting the documents that you obtained by way of subpoena to defense counsel?

MS. BASNER: Yes, we will.

THE COURT: And when will that be done?

MS. BASNER: Soon, Your Honor. We were intending to serve them with the settlement demand that we are going to serve.

THE COURT: All right. Well, you need to get them out promptly in accordance with the Court rules.

We have a fact discovery deadline coming up of July 16th. Where are we on meeting that deadline?

MS. BASNER: I believe we are in line with that.

THE COURT: Defense, counsel?

MR. MC KINLEY: Yes, it's fine with us, Your Honor.

THE COURT: All right. Does the plaintiff anticipate having an expert report?

MS. BASNER: Not at this time.

THE COURT: All right. If you do have an expert report you shall serve it by July 30th.

Any rebuttal report shall be served by the end of August.

Any expert deps shall be served -- completed by the end of September.

Dispositive motions, they may be filed soon, but no later than the middle of September. The exact date will be in my order.

And the final pretrial conference will be set for dates in October.

Is there anything further we need to address today?

MR. MC KINLEY: No, Your Honor, not from us, the defendants.

MS. BASNER: Not from us.

MS. DANCHUK: No, Your Honor.

THE COURT: What about the motion to seal? I sealed the first motion concerning confidential information that apparently had been marked designated confidential by defendants. Do the defendant's anticipate filing any motion

to seal?

MR. MC KINLEY: I'm sorry, Your Honor, I could not hear that.

THE COURT: Okay. So, apparently, the suppliers' names were marked for attorneys' eyes only. Plaintiff filed that as part of the first application and then noticed that and I had to seal temporarily Document Number 39.

And, defendant, since it's their documents if they want it sealed they have to file a motion to seal. Do you want that document sealed or do you not take any position?

MR. MC KINLEY: Your Honor, I'm not sure.

I do want that document to remain sealed. You know, this is a blatant violation of the protective order and how to handle confidential information. And now the burden seems to have shifted on us, even though it was a blatant violation by putting it in there, to file this motion to seal.

I would like defendants if they can just consent to have that sealed --

THE COURT: Well --

MR. MC KINLEY: -- so we won't have to spend the money -- I mean the plaintiff's rather -- so we don't have to spend the money to file a motion.

THE COURT: Well, it's -- it doesn't -- the burden never shifts. It's always the person who says the information is confidential that has to show why it shouldn't be part of

the public record. So what is it of -- you know, you need to look at Rule 5.3 and tell me why you believe the information warrants sealing on the public docket.

MR. MC KINLEY: Other than the fact that it should have never been filed because it was marked highly confidential and protected by the protective order already entered by the Court.

THE COURT: Well, when you mark a document protected it doesn't ever preclude another party from utilizing it. It just has to keep that being sealed. I mean, you can't designate a document as confidential and then say the other party can never submit it with the Court. I mean, unless there was --

MR. MC KINLEY: And there is a procedure in the protective order to deal with handling challenges to confidentiality designations and that was just completely ignored by the plaintiffs and they just -- you know, they just put it in their papers.

THE COURT: No. I don't think we're on the same wave length here. I don't think the plaintiffs -- it doesn't appear that they're challenging, for purposes of the confidentiality order, your designation. They just wanted to include it as part of their motion. Am I correct, plaintiff's counsel?

MS. BASNER: Correct.

THE COURT: So they say, okay, well, we made a mistake. It was on the public docket. Judge, seal it right away because it was our mistake and then -- then it gets sealed. And then it's still always the burden of the party that believes it's confidential to designate why -- or set forth why it's confidential.

So why was it included in the motion from the plaintiff's end? What was it that you were including it for?

MS. BASNER: For the factual purpose of it. In the amended complaint we removed that information based upon those objections, so that's not there. But we don't believe -- I mean, the suppliers' name, we don't believe that's highly confidential with regard to attorneys' eyes only. I mean --

THE COURT: Well --

MS. BASNER: -- it was a name and that was it.

THE COURT: It's not even -- I'm not dealing with whether it should be attorneys' eyes only or not. Is it in your complaint?

MS. BASNER: No, not the -- not the one that was just filed. No.

THE COURT: You just used the word supplier?

MS. BASNER: In the -- in the just recent amended complaint, yes, we just used the word I think distributor. You know, the same word.

THE COURT: And in the first version you had the

actual name?

MS. BASNER: Correct.

THE COURT: Okay. And whether it's attorneys' eyes only or can go to the client is really not for the Court. It's really, for example, whether it should be sealed as a matter of the pleading.

So, defense counsel, submit a document telling me -- telling the Court why you believe the supplier name warrants sealing in an amended pleading.

MR. MC KINLEY: Okay.

THE COURT: Unless you --

MR. MC KINLEY: I'll check with the client and see if they want to -- if they want us to do that.

THE COURT: Yes. They may -- they may decide it's not worth it. So, for -- so that -- because then it becomes a trial. If this goes to trial do you think that you're going to be able to seal from the public who these distributors are? I'm not so sure. The standard is pretty hard.

So take a look at it. If you take a position that you don't care if it's unsealed, then send me a letter.

If you take the position you believe it should be sealed, then submit your application. Okay.

MR. MC KINLEY: Okay.

THE COURT: All right. Is there anything further for today?

MS. BASNER: Not for us, Your Honor.
MS. DANCHUK: No, Your Honor.
MR. MC KINLEY: No, Your Honor.
THE COURT: I'm going to schedule a telephone call in September and by then you should be ready for dispositive motions.
MR. MC KINLEY: Okay.
MS. BASNER: Thank you, Your Honor.
MS. DANCHUK: Thank you.
MR. MC KINLEY: Thanks, Your Honor.
THE COURT: Everyone have a nice day. Thank you. We are adjourned.
MS. BASNER: You as well.
MS. DANCHUK: Thank you.
MR. MC KINLEY: Bye-bye.
(Telephone conference concluded at 11:10 a.m.)

* * *

**C E R T I F I C A T I O N**

I, Joan Pace, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

Joan Pace Digitally signed by Joan Pace
DN: cn=Joan Pace, o, ou, email=dianadoman@comcast.net, c=US
Date: 2018.07.09 09:48:55 -04'00'

July 9, 2018

JOAN PACE

DIANA DOMAN TRANSCRIBING, LLC