**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY CAMDEN**
**VICENAGE**

| | |
|---|---|
| FISH KISS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>NORTHSTAR CREATIONS, LLC ROOTED MADE, ROOTEDUSA, BERNADETTE GODWIN, ERIC BERNSTEIN, and JOHN DOE 1-10<br><br>Defendants. | CASE NO: 1-17-cv-08193-JBS-AMD |

**ANSWER AND AFFIRMATIVE DEFENSES TO**
**SECOND AMENDED COMPLAINT AND COUNTERCLAIMS**

Defendants, North Star Creations, LLC, Bernadette Godwin and Eric Bernstein ("**Defendants**"), through their attorneys, Lauletta Birnbaum, LLC, file their Answer to Second Amended Complaint, and, in support thereof, plead as follows:

**JURISDICTION AND VENUE**

1. Defendants admit that the Complaint asserts causes of action for copyright infringement and other causes of action. The remainder of the allegations are denied.

2. Defendants admit that Plaintiff's Complaint assert causes of action under the Copyright Act, thereby presenting federal questions for purposes of subject matter jurisdiction. Defendant denies the remainder of the allegations of this paragraph.

3. Defendants admit that this is the judicial District in which defendants can be found and have a regular and established place of business in this judicial district. Defendants deny the remainder of the allegations in this paragraph

## PARTIES

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny such allegations and demand strict proof of same at trial.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny such allegations and demand strict proof of same at trial.

6. Admitted.

7. Defendants admit that "Rooted Made" is a brand used by North Star Creations, LLC. Rooted Made is not an entity. The remainder of the allegations are denied.

8. Defendants admit that "RootedUSA" is a brand used by North Star Creations, LLC. RootedUSA is not an entity. The remainder of the allegations are denied.

9. Defendants admit that defendant Bernadette Godwin is an individual domiciled in New Jersey. Defendants deny the remaining allegations of this paragraph.

10. Defendants admit that defendant Eric Bernstein is an individual domiciled in New Jersey. Defendants deny the remaining allegations of this paragraph.

## FACTUAL BACKGROUND

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny such allegations and demand strict proof of same at trial.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny such allegations and demand strict proof of same at trial.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny such allegations and demand strict proof of same at trial.

14. Defendants admit that defendant North Star Creations is a manufacturer of textile products. The remainder of the allegations in this paragraph are denied.

15. Denied as stated. Rooted Made and RootedUSA are sub-brands used by North Star Creations, LLC in connection with the offer for sale and sale of products.

16. Defendants admit that North Star Creations, LLC had communications with Plaintiff Anne Klein regarding NSC's textile printing services. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

17. Defendants admit that NSC met with Plaintiff Klein in August 2015 to discuss the potential for a license agreement between NSC and Plaintiff Klein regarding images that Plaintiff Klein purported to create (hereinafter "Klein Images"). Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

18. Defendants admit that NSC and Plaintiff Klein entered into an "Artist Licensing Agreement" and that Exhibit A to the Second Amended Complaint is a copy of the "Artist Licensing Agreement," and that the agreement speaks for itself. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

19. Defendants admit that NSC and Plaintiff Klein entered into an "Artist Licensing Agreement" and that Exhibit A to the Second Amended Complaint is a copy of the "Artist Licensing Agreement," and that the agreement speaks for itself. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

20. Defendants admit that NSC and Plaintiff Klein entered into an "Artist Licensing Agreement" and that Exhibit A to the Second Amended Complaint is a copy of the "Artist Licensing Agreement," and that the agreement speaks for itself. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

21. Defendants admit that NSC and Plaintiff Klein entered into an "Artist Licensing Agreement" and that Exhibit A to the Second Amended Complaint is a copy of the "Artist Licensing Agreement," and that the agreement speaks for itself. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

22. Defendants admit that NSC and Plaintiff Klein entered into an "Artist Licensing Agreement" and that Exhibit A to the Second Amended Complaint is a copy of the "Artist Licensing Agreement," and that the agreement speaks for itself. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

23. Defendants admit that NSC and Plaintiff Klein entered into an "Artist Licensing Agreement" and that Exhibit A to the Second Amended Complaint is a copy of the "Artist Licensing Agreement," and that the agreement speaks for itself. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

24. Defendants admit that NSC and Plaintiff Klein entered into an "Artist Licensing Agreement" and that Exhibit A to the Second Amended Complaint is a copy of the "Artist Licensing

Agreement," and that the agreement speaks for itself. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

25. Defendants admit that NSC and Plaintiff Klein entered into an "Artist Licensing Agreement" and that Exhibit A to the Second Amended Complaint is a copy of the "Artist Licensing Agreement," and that the agreement speaks for itself. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

26. Defendants admit that NSC and Plaintiff Klein entered into an "Artist Licensing Agreement" and that Exhibit A to the Second Amended Complaint is a copy of the "Artist Licensing Agreement," and that the agreement speaks for itself. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

27. Defendants admit that NSC and Plaintiff Klein entered into an "Artist Licensing Agreement" and that Exhibit A to the Second Amended Complaint is a copy of the "Artist Licensing Agreement," and that the agreement speaks for itself. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

28. Defendants admit that NSC and Plaintiff Klein entered into an "Artist Licensing Agreement" and that Exhibit A to the Second Amended Complaint is a copy of the "Artist Licensing Agreement," and that the agreement speaks for itself. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

29. Defendants admit that it issued royalty checks to Anne Klein that totaled $2,143,65 for the sale of products bearing the Klein Images. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

30. Defendants admit that the royalty statements attached as exhibit B to the Second Amended Complaint are true and accurate. To the extent this paragraph suggests more than that, such allegations are denied.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny such allegations and demand strict proof of same at trial. Defendants specifically deny the alleged representations by Mr. Kennedy in the email attached as Exhibit C to the Second Amended Complaint.

32. Defendants admit that Second Amended Complaint Exhibit D was prepared by Defendants and provided to Plaintiff Anne Klein. Defendants deny the remaining allegations of this paragraph as stated and, therefore demand strict proof of same at trial.

33. Denied as stated.

34. Denied as stated.

35. Denied.

36. Denied.

37. Defendants admit that NSC and Plaintiff Klein entered into an "Artist Licensing Agreement" and that Exhibit A to the Second Amended Complaint is a copy of the "Artist Licensing Agreement," and that the agreement speaks for itself. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

38. Defendants admit that NSC sent a check to Anne Klein in the amount of $372.90 for royalties on sales of products bearing the Klein Images made by NSC between November 1-December 31, 2016. Defendant denies the remaining allegations of this paragraph.

39. Defendants admit that NSC and Plaintiff Klein entered into an "Artist Licensing Agreement" and that Exhibit A to the Second Amended Complaint is a copy of the "Artist Licensing Agreement," and that the agreement speaks for itself. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

40. Defendants are without knowledge or information sufficient to form a belief as to what plaintiffs "discovered", and therefore deny such allegations and demand strict proof of same at trial. Defendants specifically deny that Quaile Connect, LLC took orders for products bearing the Klein Images, as alleged at the Philadelphia Gift Show.

41. Defendants are without knowledge or information sufficient to form a belief as to what plaintiff "discovered," and therefore deny such allegations and demand strict proof of same at trial.

42. Defendants are without knowledge or information sufficient to form a belief as to what plaintiff "discovered," and therefore deny such allegations and demand strict proof of same at trial.

43. Defendants admit that, as of December 31, 2017, it had left over samples of products bearing Klein's artwork that it had manufactured in anticipation of the January 2017 Atlanta Trade Show, before Klein notified NSC that she was no longer interested in doing business with NSC. Defendant further admits that, in an attempt to recoup some of the costs associated with the manufacturing of those products, it disposed of them in January 2017 at a substantial discount. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

44. Defendants admit that the final payment made to Anne Klein under the Artist License Agreement was January 22, 2017 for sales between November 1 and December 31, 2016. Defendant

denies that any other payments are due to Klein and therefore, denies the remaining allegations of this paragraph.

45. Defendants admit that NSC and Plaintiff Klein entered into an "Artist Licensing Agreement" and that Exhibit A to the Second Amended Complaint is a copy of the "Artist Licensing Agreement," and that the agreement speaks for itself. Further, Defendants are without knowledge or information sufficient to form a belief as to what plaintiff "discovered." Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

46. Denied

47. Defendants admit that NSC and Plaintiff Klein entered into an "Artist Licensing Agreement" and that Exhibit A to the Second Amended Complaint is a copy of the "Artist Licensing Agreement," and that the agreement speaks for itself. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

48. Denied.

49. Defendants admit that NSC and Plaintiff Klein entered into an "Artist Licensing Agreement" and that Exhibit A to the Second Amended Complaint is a copy of the "Artist Licensing Agreement," and that the agreement speaks for itself. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

**PLAINTIFFS' ASSERTION OF COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS**

50. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny such allegations and demand strict proof of same at trial.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny such allegations and demand strict proof of same at trial.

56. Defendants admit that NSC and Plaintiff Klein entered into an "Artist Licensing Agreement" and that Exhibit A to the Second Amended Complaint is a copy of the "Artist Licensing Agreement," and that the agreement speaks for itself. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

57. Defendants admit that, as of December 31, 2017, it had left over samples of products bearing Klein's artwork that it had manufactured in anticipation of the January 2017 Atlanta Trade Show, before Klein notified NSC that she was no longer interested in doing business with NSC. Defendant further admits that, in an attempt to recoup some of the costs associated with the manufacturing of those products, it disposed of them in January 2017 at a substantial discount. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

58. Defendants admit that, as of December 31, 2017, it had left over samples of products bearing Klein's artwork that it had manufactured in anticipation of the January 2017 Atlanta Trade Show, before Klein notified NSC that she was no longer interested in doing business with NSC. Defendant further admits that, in an attempt to recoup some of the costs associated with the

manufacturing of those products, it disposed of them in January 2017 at a substantial discount. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

59. Defendants admit that they received a letter dated February 9, 2017, and that a copy of that letter is attached as Exhibit J to the Second Amended Complaint. Defendant further admits that the contents of the letter speak for themselves, and denies the remaining allegations contained in this paragraph.

60. Defendants admit that on March 2, 2017, Robert A. Gleaner, counsel for defendants, respondent to Fish Kiss Counsel's the letter dated February 9, 2017. The remainder of the allegations in this paragraph are denied.

61. Defendants admit that they received a letter dated August 10, 2017, and that a copy of that letter is attached as Exhibit J to the Second Amended Complaint. Defendant further admits that the contents of the letter speak for themselves, and denies the remaining allegations contained in this paragraph.

62. Defendants admit that counsel for NSC sent a letter in response to Plaintiffs August 10, 2017 letter, and that a copy of that letter is attached as Exhibit J to the Second Amended Complaint. Defendant denies the remaining allegations contained in this paragraph.

**PLAINTIFFS' ASSERTION OF FALSE ADVERTISING AGAINST DEFENDANTS**

63. Denied as stated. Defendants demand strict proof of same at trial.

64. The NSC Defendants admit that products bearing the Fish Kiss label contained a hidden marking that read "Made in the USA," which is on a tag at the bottom of the washing machine

instructions shown on Exhibit M attached to the Second Amended Complaint, and measures 1.5cm x 0.2cm. Defendants deny the remaining allegations of this paragraph and, therefore, demand strict proof at trial.

65. The NSC Defendants admit that products bearing the Fish Kiss label contained a hidden marking that read "Made in the USA," which is on a tag at the bottom of the washing machine instructions shown on Exhibit M attached to the Second Amended Complaint, and measures 1.5cm x 0.2cm. Defendants deny the remaining allegations of this paragraph and, therefore, demand strict proof at trial.

66. NSC Defendants admit that they purchased raw textile fabric from a textile distributor. The NSC Defendants deny the remaining allegations of this paragraph in that the allegations are unclear and, therefore demand strict proof of same at trial.

67. NSC Defendants admit that they purchased raw textile fabric from a textile distributor. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore deny such allegations and demand strict proof of same at trial.

68. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny such allegations and demand strict proof of same at trial.

69. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

70. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny such allegations and demand strict proof of same at trial.

71. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny such allegations and demand strict proof of same at trial.

**72.** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny such allegations and demand strict proof of same at trial.

**COUNT ONE – BREACH OF CONTRACT (NSC Defendants)**
**(Failure to Pay and Make Timely Royalties Due)**

73. Defendants hereby incorporate all previously stated admissions and denials as addressed to each specific allegation of the Second Amended Complaint, as indicated above.

74. Denied. Defendants demand strict proof of same at trial.

75. Defendants admit that NSC and Plaintiff Klein entered into an "Artist Licensing Agreement" and that Exhibit A to the Second Amended Complaint is a copy of the "Artist Licensing Agreement," and that the agreement speaks for itself. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

76. Denied. Defendants demand strict proof of same at trial.

77. Denied. Defendants demand strict proof of same at trial.

78. Defendants admit that NSC sent a check to Anne Klein in the amount of $372.90 for royalties on sales of products bearing the Klein Images made by NSC between November 1-December 31, 2016. Defendant denies the remaining allegations of this paragraph.

79. Denied. Defendants demand strict proof of same at trial.

80. Denied. Defendants demand strict proof of same at trial.

81. Denied. Defendants demand strict proof of same at trial.

82. Denied. Defendants demand strict proof of same at trial.

**COUNT TWO – BREACH OF CONTRACT (Against the NSC Defendants)**
**(Failure to Cease Use of Fish Kiss Artwork and Sale of Licensed Product Upon Termination of the Agreement)**

83. Defendants hereby incorporate all previously stated admissions and denials as addressed to each specific allegation of the Second Amended Complaint, as indicated above.

84. Denied. Defendants demand strict proof of same at trial.

85. Defendants admit that NSC and Plaintiff Klein entered into an "Artist Licensing Agreement" and that Exhibit A to the Second Amended Complaint is a copy of the "Artist Licensing Agreement," and that the agreement speaks for itself. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

86. Denied as stated. Defendants demand strict proof of same at trial.

87. Denied. Defendants demand strict proof of same at trial.

88. Denied. Defendants demand strict proof of same at trial.

**COUNT THREE – BREACH OF CONTRACT (Against the NSC Defendants)**
**(Failure to Obtain Approval of Licensed Products Prior to Distribution,**

**Failure to Include Fish Kiss Branding, Labeling and Packaging, And Unauthorized Modification of Fish Kiss Artwork**)

89. Defendants hereby incorporate all previously stated admissions and denials as addressed to each specific allegation of the Second Amended Complaint, as indicated above.

90. Denied. Defendants demand strict proof of same at trial.

91. Defendants admit that NSC and Plaintiff Klein entered into an "Artist Licensing Agreement" and that Exhibit A to the Second Amended Complaint is a copy of the "Artist Licensing Agreement," and that the agreement speaks for itself. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

92. Denied. Defendants demand strict proof of same at trial.

93. Denied.

94. Defendants admit that NSC and Plaintiff Klein entered into an "Artist Licensing Agreement" and that Exhibit A to the Second Amended Complaint is a copy of the "Artist Licensing Agreement," and that the agreement speaks for itself. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

95. Denied.

96. Denied. Defendants demand strict proof of same at trial.

**COUNT FOUR – COPYRIGHT INFRINGEMENT (Against the NSC Defendants)**
**(Copyright Infringement of Fish Kiss Kentucky Artwork)**

97. Defendants hereby incorporate all previously stated admissions and denials as addressed to each specific allegation of the Second Amended Complaint, as indicated above.

98. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny such allegations and demand strict proof of same at trial.

99. Denied. Defendants demand strict proof of same at trial.

100. Defendants admit that they had access to and used the Klein Images in connection with the Artist Licensing Agreement. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

101. Denied.

102. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

103. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

104. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

105. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

106. Defendants admit that they received letters from plaintiff through counsel. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

107. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

108. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

109. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

110. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny such allegations and demand strict proof of same at trial.

111. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny such allegations and demand strict proof of same at trial.

112. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

113. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

**COUNT FIVE – COPYRIGHT INFRINGEMENT (Against the NSC Defendants)**
**(Copyright Infringement of Fish Kiss Artwork)**

114. Defendants hereby incorporate all previously stated admissions and denials as addressed to each specific allegation of the Second Amended Complaint, as indicated above.

115. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny such allegations and demand strict proof of same at trial.

116. Defendants admit that they had access to and copied one or more of the Klein Images pursuant to the Artist Licensing Agreement. Defendants deny the remaining allegations of this paragraph.

117. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

118. Defendants admit that, as of December 31, 2017, it had left over samples of products bearing Klein's artwork that it had manufactured in anticipation of the January 2017 Atlanta Trade Show, before Klein notified NSC that she was no longer interested in doing business with NSC. Defendant further admits that, in an attempt to recoup some of the costs associated with the manufacturing of those products, it disposed of them in January 2017 at a substantial discount. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

119. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

120. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

121. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

122. Defendants admit that they received letters from plaintiff through counsel. Defendants deny the remaining allegations of this paragraph and, therefore demand strict proof of same at trial.

123. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

124. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

125. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

126. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny such allegations and demand strict proof of same at trial.

127. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny such allegations and demand strict proof of same at trial.

128. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

129. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

**COUNT SIX – VICARIOUS and/or CONTRIBUTORY COPYRIGHT INFRINGEMENT (Against Godwin and Berntein)**

130. Defendants hereby incorporate all previously stated admissions and denials as addressed to each specific allegation of the Second Amended Complaint, as indicated above.

131. Defendants Godwin and Bernstein admit that they each have an ownership interest in Defendant NSC. Defendants deny the remaining allegations of this paragraph.

132. Denied.

133. Denied.

134. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

**COUNT SEVEN – FALSE ADVERTISING**
**(Lanham Act § 43(a)) (Against the NSC Defendants)**

135. Defendants hereby incorporate all previously stated admissions and denials as addressed to each specific allegation of the Second Amended Complaint, as indicated above.

136. The NSC Defendants admit that products bearing the Fish Kiss label contained a hidden marking that read "Made in the USA," which is on a tag at the bottom of the washing machine instructions shown on Exhibit M attached to the Second Amended Complaint, and measures 1.5cm x 0.2cm. Defendants deny the remaining allegations of this paragraph and, therefore, demand strict proof at trial.

137. Denied.

138. Denied.

139. Defendant's deny that the "Made in the U.S.A." designation is false. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore deny such allegations and demand strict proof of same at trial.

140. Admitted.

141. The NSC Defendants admit that products bearing the Fish Kiss label contained a hidden marking that read "Made in the USA," which is on a tag at the bottom of the washing machine instructions shown on Exhibit M attached to the Second Amended Complaint, and measures 1.5cm x

0.2cm. Defendant's deny that the "Made in the U.S.A." designation is false. Defendants deny the remaining allegations of this paragraph and, therefore, demand strict proof at trial.

142. This paragraph contains legal conclusions to which no responsive pleading is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore deny such allegations and demand strict proof of same at trial

## AFFIRMATIVE DEFENSES

As and for separate defenses, Defendants allege as follows:

1. Plaintiffs' claims are barred in whole or in part because the Second Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred in whole or in part because plaintiff Fish Kiss, LLC lacks standing.

3. Plaintiffs' claims are barred in whole or in part because the works identified in Counts I, V and VI of the Second Amended Complaint lack sufficient originality to qualify as statutory subject matter pursuant to 17 U.S.C. § 101, and thus there can be no infringement as a matter of law.

4. Plaintiffs' claims are barred in whole or in part because the works asserted to have been infringed are not copyrightable.

5. Plaintiffs' claims are barred in whole or in part because the alleged infringement by Defendants constitutes *de minimis* use and is therefore non-infringing.

6. Plaintiffs' claims are barred in whole or in part based on the first sale doctrine codified in Section 109(a) of the Copyright Act, 17 U.S.C. § 109(a).

7. Plaintiffs' claims are barred in whole or in part because Defendants at all times acted in the good faith belief that all such uses were appropriately authorized and that they did not infringe the rights of others.

8. Plaintiffs' claims are barred in whole or in part because none of the images at issue bears a copyright notice or other digital rights management information, thus preventing Defendants from being on inquiry notice that Plaintiffs may have a claim. Defendants had no reason to believe that their use of these images infringed any rights of others, had no reason to inquire with Plaintiffs about the

copyright status of these images and reasonably relief on the omission of a copyright notice and/or digital rights management information to believe that the images were either in the public domain or their use was otherwise permitted.

9. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

10. Plaintiffs' claims are barred in whole or in part because Plaintiffs have brought this action in bad faith.

11. Plaintiffs' claims are barred in whole or in part because Plaintiffs are estopped by their own actions and course of conduct from pursuing their claims, and each purported cause of action contained in Plaintiffs' Second Amended Complaint.

12. Plaintiffs' claims are barred in whole or in part because Plaintiffs' own actions and course of conduct constitutes a waiver of their claims and of each purposed cause of action contained in Plaintiffs' Second Amended Complaint.

13. Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

14. Plaintiffs' claims are barred in whole or in part by the doctrine of equitable estoppel.

15. Plaintiffs' claims are barred in whole or in part because the licensing agreement calls for arbitration or mediation.

16. Plaintiffs' claims are barred in whole or in part as frivolous, unreasonable, groundless, intended only to harass and annoy Defendants and to interfere with the lawful conduct of Defendants' business. Accordingly, Defendants are entitled to recover their attorney's fees and costs of defending this action, whether under state or federal law.

17. Defendant committed no act or omission which was a proximate cause of Plaintiffs' alleged damages, if any exist.

18. Plaintiffs are not entitled to an injunction, preliminary or permanent, under 17 U.S.C. § 502 because they cannot demonstrate copyright infringement, nor any risk of immediate and irreparable harm that would occur unless an injunction were to be issued.

19. Plaintiffs are not entitled to any further accounting from Defendants under the license agreement because all royalties due and owing have been properly reported and paid.

20. Plaintiffs are not entitled to an order requiring destruction, certification of such destruction, or impounding under 17 U.S.C. § 503.

21. Plaintiffs are not entitled to any damages pursuant to 17 U.S.C. § 101 et seq. or punitive damages.

22. Plaintiffs are not entitled to recover pre-judgment or post-judgment interest.

23. Plaintiffs are not entitled to a recovery of their attorney's fees for any part of this action under the Artist License Agreement because it will not be the prevailing party of its Brach of Contract claims.

24. Defendants reserve the right to amend their Answer and plead additional or more specific defenses as warranted by the facts determined through the conclusion of the discovery process.

**PRAYER FOR RELIEF AS TO COMPLAINT**

WHEREFORE, as to the Complaint, Defendants respectfully request that the Court:

A. Dismiss each count of the Complaint in its entirety with prejudice;

B. Award defendant reasonable attorneys' fees, expenses and costs associated with this action against Plaintiff Anne Klein, pursuant to the terms of the Artist Licensing Agreement, and/or other applicable law; and

C. Grant such further relief as is just and appropriate.

## COUNTERCLAIMS

Under the provisions of Rules 7 and 8, Fed.R.Civ.P., including Rule 8(e) permitting inconsistent claims or defenses, Defendants bring the following Counterclaims against plaintiffs, as follows:

*Parties*

1. Counterclaim-Plaintiff North Star Creations, LLC ("NSC") is a is a New Jersey limited liability company with a principal place of business located at 310 Miller Road, Medford, New Jersey 08055.

2. Counterclaim-Defendant Fish Kiss, LLC ("Fish Kiss") is a Colorado limited liability company with a principal place of business located at 1202 Fletcher Drive, Erie, Colorado 80516.

3. Counterclaim-Defendant Anne Klein ("Klein") is an individual domiciled in Colorado and, upon information and belief, is an owner of Fish Kiss, LLC with an address of 1202 Fletcher Drive, Erie, Colorado.

*Jurisdiction and Venue*

4. This court also has jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(c).

COUNTERCLAIM – COUNT - I
(TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP)

5. Counterclaim-Plaintiff incorporates by reference Defendants' Answers to paragraphs 1 through 124 of Plaintiffs' Second Amended Complaint.

6. Upon information and belief, on or after April 17, 2017, Klein and/or Fish Kiss contacted eBay and Amazon and/or initiated an electronic action, representing to eBay and Amazon that one or

more products available for sale on an eBay storefront operated under the store name "ET Shops for You" by Elaine Tiberio (hereafter "ET Shops"), violated one or more eBay and Amazon use policy.

7. Upon information and belief, ET Shops primarily, if not exclusively, offers products for sale via its eBay and Amazon storefronts.

8. Upon information and belief, as a consequence of Counterclaim-Defendants' actions, eBay and Amazon removed several products listed for sale on the ET Shops storefront, which were products lawfully obtained from Counterclaim-Plaintiff, NSC.

9. Upon information and belief, by engaging in the conduct described herein, counterclaim-defendants intended to impair and destroy counterclaim-plaintiff's business relationship with ET Shops and other third parties, thereby destroying Counterclaim-Plaintiff's expectancy of economic gain.

10. Counterclaim-defendants engaged in the aforementioned interfering conduct with malice towards counterclaim-plaintiff and with the desire to injure it economically, and with wantonness and a true disregard for counterclaim-plaintiff's rights. Counterclaim-defendants' conduct was improper, unlawful and unfair, in that it was inflammatory, defamatory, untrue and unfounded.

11. The conduct engaged in by counterclaim-defendants and described herein was the proximate cause of the loss or impairment of counterclaim-plaintiff's business relationship with third parties.

12. As a result of the impairment or loss of counterclaim-plaintiff's business relationship with third parties, counterclaim-plaintiff suffered a loss of economic expectancy

arising from the relationship, including damages, in at least the form of loss of good will to the business.

COUNTERCLAIM - COUNT II
(DEFAMATION)

13. Counterclaim-plaintiff incorporates by reference Defendants' Answers to paragraphs 1 through 124 of Plaintiffs' Second Amended Complaint, inclusive, and paragraphs 112 of the Counterclaims, as though same were more fully set forth herein at length.

14. Counterclaim-plaintiff has at all times pertinent hereto engaged in the sale of textile products.

15. Counterclaim-defendants made a false statement to third party Elaine Tiberio that caused her to believe that the products she received from NSC were infringing products, thereby defaming counterclaim-plaintiff and injuring its business reputation.

16. Counterclaim-defendant made these defamatory statements with actual knowledge that they were false, or with a reckless disregard as to their truth or falsity, or negligence.

17. Counterclaim-plaintiff is not a public figure and are not involved in any public controversy in connection with said business.

18. Counterclaim-defendants' defamatory remarks do not involve a matter of public concern.

19. Counterclaim-defendants intentionally issued defamatory statements which were known to be false for the purposes of injuring NSC. Counterclaim-plaintiff suffered a loss of business as a result of counter-claim defendants' defamatory statements. The defamatory statements made by the counterclaim-defendants were the proximate cause of loss or impairment of counterclaim-plaintiff's

business relationships with ET Shops, which resulted in defendants' loss or expectancy for economic gain.

20. Counterclaim-defendants' acts described herein constitute defamation per se.

21. As a result of these defamatory statements, counterclaim-plaintiff suffered a loss of economic expectancy arising from said relationship, including but not limited to damages in the form of loss of goodwill to the business, among others, amounting to damages in an indefinable amount.

PRAYER FOR RELIEF AS TO COUNTERCLAIMS

WHEREFORE, counterclaim-plaintiff requests judgment be entered in its favor and against counterclaim-defendants and requests the court grant relief as follows:

A. Compensatory damages for the value of the business opportunity or expectancy that was lost as a result of counterclaim-defendants' tortuous and improper interference with Counterclaim-plaintiff's customers.

B. General compensatory damages for injury to counterclaim-plaintiff's business reputation.

B. Punitive damages.

C. Costs and other such relief as the court deems appropriate.

Preliminary and permanent injunctive relief, enjoining counterclaim-defendant from making contact with any of counterclaim-plaintiff's customers for unlawful purposes, including making false statements about NSC or its business.

LAULETTA BIRNBAUM, LLC

*/s/ Robert A. McKinley*

Robert A. McKinley, Esquire
(#018701998)
591 Mantua Blvd., Suite 200
Sewell, NJ 08080
Telephone: 856-232-1600
Facsimile: 856-232-1601
Email: rmckinley@lauletta.com
*Attorneys for Defendants/Counterclaim-Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2018, I served the **ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT AND COUNTERCLAIMS** on all registered ECF parties to the action by causing it to be filed on the Court's ECF system.

Executed on August 27, 2018, in Sewell, New Jersey.

*/s/Robert A. McKinley*
Robert A. McKinley